IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 22-226 |
| | ) |
| ASCENCION ORONA-DUARTE. | ) |

**OPINION and ORDER**

Presently before the Court is Defendant Ascenscion Orona-Duarte's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines. ECF No. 221. Mr. Orona-Duarte requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines, as he qualifies for a two-level reduction as a zero-point offender. The government filed a Response opposing a sentence reduction. ECF No. 232. Mr. Orona-Duarte's Motion will be denied because, as explained below, he has already received the benefit of the two-level reduction for a zero-point offender.

**I.     Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 became effective November 1, 2023.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, newly created § 4C1.1 provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and otherwise meets the remaining criteria of § 4C1.1. U.S.S.G. § 4C1.1(a)(1). As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment. As such, qualifying defendants are eligible to receive a reduced sentence. USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. *Dillon v. United States*, 560 U.S. 817 (2010). At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826. Section 1B1.10(b)(1) instructs a court to "determine the

2

amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II. Discussion

At sentencing, Mr. Orona-Duarte had a total offense level of 29 and he was determined to have a total criminal history score of zero, which equates to a criminal history category of I. The guideline sentencing range for a criminal history category of I and an offense level of 29, is 87 to 108 months' imprisonment.

Although Mr. Orona-Duarte qualifies as a zero-point offender, under the circumstances of his sentencing, he is not entitled to a two-level reduction. The Court applied the two-level reduction for a zero-point offender when sentencing Mr. Orona-Duarte, in anticipation that the Amendment would be in effect in November 2023. Tr. Sent. Hrg., June 23, 2023, at 11-12). In other words, Mr. Orona-Duarte did not have to wait until November 2023 to gain the benefit of being a zero-point offender because the reduction was applied to him at sentencing.

Specifically, with a two-level reduction in offense level for being a zero-point offender, the offense level the Court applied was 27 (instead of 29). With a criminal history category of I and offense level of 27, the guideline range the Court applied was 70 to 87 months'

imprisonment. The Court also varied below the low end of the guideline range applicable to a zero point offender like Mr. Orona-Duarte, and imposed a sentence of 65 months. Therefore, although Mr. Orono Duarte qualifies as a zero-point offender, he is not entitled to a two-level reduction, because the Court already applied the two-level reduction when sentencing Mr. Orona-Duarte.

### III.    Conclusion

Mr. Orona-Duarte's Motion for reduced sentence will be denied. An appropriate Order follows.

### ORDER

AND NOW, this 16th day of September 2025 it is hereby ORDERED that Ascencion Orona-Duarte's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines, ECF No. 221, is DENIED.

s/<u>*Marilyn J. Horan*</u>
United States District Judge

Ascencion Orona-Duarte, pro se
Reg. No. 15711-510
FCI BIG SPRING
FEDERAL CORRECTIONAL INSTITUTION
1900 Simler Avenue
BIG SPRING, TX  79720